UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MCKINSEY & COMPANY, INC. UNITED
STATES,

        Plaintiff,

        v.

PARKER SHI,

        Defendant.

Civil Action No. 19-20098 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff McKinsey & Company, Inc. United States's ("Plaintiff") Motion for Entry of an Order to Show Cause with Temporary Restraints and for Expedited Discovery pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65.1. (ECF No. 1.) Plaintiff attempted to serve Defendant via his attorney who represents him in a separate civil action in New Jersey Superior Court; Defendant's attorney advised that he was not authorized to accept service, and Plaintiff is attempting service by alternate means. (Correspondence, ECF No. 5.) The Court has considered the Verified Complaint (ECF No. 1); the Declarations of Steven Van Kuiken (ECF Nos. 1-3–4), Dimitris Triantopoulos (ECF No. 1-5–6), and Jason Hotzler (ECF No. 1-7); and Plaintiff's Brief in Support of its Motion (ECF No. 1-2). The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants in part and denies in part Plaintiff's Motion. The Court declines to enter an order to show cause with temporary restraints. The Court, however, orders expedited discovery.

"Preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d

Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). Plaintiff bears the burden of establishing that "[it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate."[1] *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

A movant has the burden of establishing a "clear showing of immediate irreparable injury," *Louis v. Bledsoe*, 438 F. App'x 129, 131 (3d Cir. 2011) (citation omitted), and "[e]stablishing a risk of irreparable harm is not enough," *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987). "[T]he injury created by a failure to issue the requested injunction must be of a peculiar nature, so that compensation in money cannot atone for it." *Acierno v. New Castle Cty.*, 40 F.3d 645, 653 (3d Cir. 1994) (citation omitted). "[T]he claimed injury cannot merely be possible, speculative, or remote." *Laidlaw, Inc. v. Student Transp. of Am.*, 20 F. Supp. 2d 727, 766 (D.N.J. 1998) (citation omitted).

The Court finds Plaintiff failed to demonstrate it is entitled to immediate relief, as required under Local Civil Rule 65.1(a). In the instant Motion, Plaintiff argues it will suffer irreparable harm if temporary restraints are not imposed because Defendant's alleged misappropriation of Plaintiff's trade secrets "continue[s] to irreparably harm McKinsey." (Pl.'s Moving Br. 19–21.) Plaintiff argues that loss of trade secrets amounts to irreparable harm, as this loss cannot be compensated by money and cannot be remedied once the secret is lost. (*Id.*)

---

[1] Because the Court finds Plaintiff failed to establish emergent irreparable harm, the Court does not address the remaining preliminary injunction factors.

Although the loss of a trade secret may suffice to demonstrate irreparable harm, Plaintiff fails to meet its burden of showing that this irreparable harm is immediate. Defendant's alleged misappropriation of Plaintiff's trade secrets occurred between April 18, 2018 and July 15, 2018. (Ver. Compl. ¶ 45, ECF No. 1.) Defendant began his employment with Plaintiff's competitor on July 18, 2018.[2] (*Id.* ¶ 30.) Defendant has been in the position to misappropriate Plaintiff's trade secrets for at least fifteen months. Plaintiff fails to demonstrate how its alleged irreparable injury—after all this time—is currently emergent and entitles it to the extraordinary relief of temporary restraints. The Court, accordingly, denies Plaintiff's motion for an order to show cause with temporary restraints.

The Court, however, finds good cause to allow expedited discovery. "[E]xpedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." *Phila. Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, No. 98-2782, 1998 WL 404820, at *2 (E.D. Pa. July 15, 1998) (quoting *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996)). The Court finds that Defendant's alleged acts are sufficiently concerning that it is appropriate to engage in expedited discovery to determine what confidential information or trade secrets were taken from Plaintiff and if that information has been disclosed or misappropriated. Accordingly,

---

[2] Plaintiff's Verified Complaint states that "[Defendant] formally initiated his new employment with Accenture on July 18, *2019*, just three days after his separation from McKinsey." (Ver. Compl. ¶ 30 (emphasis added).) It also states that "[Defendant] received an offer of employment from another company by no later than April 18, *2019*." (*Id.* ¶ 34 (emphasis added).) Considering the context of other dates in the Verified Complaint, *see* ¶ 26, 27, 29, 32, 35, the Court deems these years as errors and that Defendant left McKinsey and initiated employment with McKinsey's competitor in July of 2018.

3

IT IS on this 15th day of November 2019, **ORDERED** that:

1. Plaintiff's Motion for Entry of an Order to Show Cause with Temporary Restraints and for Expedited Discovery (ECF No. 1) is **GRANTED** in part and **DENIED** in part.

2. Plaintiff is not entitled to a preliminary injunction or temporary restraints.

3. Plaintiff is entitled to expedited discovery.

4. By **November 22, 2019**, the parties must submit a joint proposed scheduling order to the Honorable Tonianne J. Bongiovanni, U.S.M.J. If the parties are unable to agree to a joint proposed scheduling order by **November 22, 2019**, the parties must submit separate proposed scheduling orders.[3]

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[3] The parties should e-file their proposed scheduling order(s) as an attachment to correspondence.